**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Christopher Cardani**
**Meredith Bateman**
Assistant U.S. Attorneys
Christopher.Cardani@usdoj.gov
Meredith.Bateman@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

May 8, 2026

Michelle Kerin
Angeli & Calfo
121 S.W. Morrison St., Suite 1625
Portland, OR 97204

Re:    *United States v. Adam Starling*, Case No. 3:26-cr-00131-AN
       Plea Agreement Letter - Final

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant and, *except as stated below in paragraph 4*, does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count One of the Information, which charges Conspiracy to Defraud the United States, in violation of Title 18, United States Code, Section 371.

3.    **Penalties**:  The maximum sentence on Count One is five years' imprisonment, a fine of $250,000, three years of supervised release, and a $100 fee assessment.  Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done.

Defendant understands that pleading guilty to the charge in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States.  Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

Revised Jan. 2026

Case 3:26-cr-00131-AN    Document 16    Filed 05/13/26    Page 2 of 7

Michelle Kerin
Re: Adam Starling Plea Agreement Letter
Page 2
May 8, 2026

4.  **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

The USAO for the District of Utah agrees not to bring charges against defendant in the District of Utah arising out of this investigation, known to the USAO at the time of this agreement.

5.  **Elements and Factual Basis**:  In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

Elements:

First, starting sometime in 2020 and continuing through late 2021, there was an agreement between two or more persons to defraud the United States by obstructing the lawful functions of the Internal Revenue Service and Small Business Administration through deceitful and dishonest means;

Second, defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, a member of the conspiracy committed at least one overt act to for the purpose of carrying out the conspiracy.

Facts:

In 2020 and 2021, Defendant participated in a scheme to list family members and others as employees of companies defendant controlled and businesses that others controlled. Some of these people performed no actual work for the companies and others performed minimal work. Defendant and others he conspired with issued checks to these people under the guise of wages. Defendant and others then sent Forms 941 to the IRS which included the wages purportedly paid to these people.  This was done to take advantage of Covid-related tax credits offered by the IRS in 2020 and 2021.  The IRS relied on this false information to grant tax credits to defendant and others he was conspiring with.

Defendant and others he conspired with also used this false wage information to apply for and receive a Payroll Protection Program loan from the Small Business Administration, which included supporting W2s created as purported wages paid to these people.  This PPP Loan was granted and then forgiven by the SBA based on additional false representations.

Defendant agrees that he knowingly joined in this conspiracy, knew that one of its objects was to use the wage scheme to defraud the IRS and SBA, and that some of the acts in furtherance of the conspiracy occurred in Oregon.

Revised Jan. 2026

Michelle Kerin
Re: Adam Starling Plea Agreement Letter
Page 3
May 8, 2026

7.    **Relevant Conduct**: The parties agree that defendant's combined relevant conduct for the scheme to defraud the IRS and SBA is more than $1.5 million, but less than $3.5 million, and thus pursuant to USSG § 2T1.1(a)(1) and 2T4.1(I), the Base Offense Level is 22, prior to adjustments.

8.    **Sophisticated Means**: The parties agree that a two-level upward adjustment is warranted pursuant to USSG § 2T1.1(b)(2), as the offense involved sophisticated means.

9.    **Adjustment for "Zero-Point" Offender**: So long as defendant fits all the criteria under USSG § 4C1.1, the parties will recommend a two-level downward adjustment for defendant's status as a zero-point offender.

10.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

> Early Resolution: If defendant resolves his case by pleading guilty consistent with this plea agreement by May 29, 2026, and does not file any pretrial motions, the USAO will recommend a two-level USSG downward variance pursuant to 18 U.S.C. § 3553(a).

11.    **No other upward or downward adjustments**: The parties agree there are no other upward or downward USSG sentencing adjustments.

12.    **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

13.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral

Revised Jan. 2026

Michelle Kerin
Re: Adam Starling Plea Agreement Letter
Page 4
May 8, 2026

attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

14.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

17.    **Restitution**:  Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office.  Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information.  Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

Revised Jan. 2026

Michelle Kerin
Re: Adam Starling Plea Agreement Letter
Page 5
May 8, 2026

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

If requested by the USAO, defendant agrees to submit to examination under oath and/or a polygraph examination by an examiner selected by the USAO, on the issue of defendant's financial disclosures and assets.

**Transfer of Assets**

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. **Defendant agrees to pay restitution in the amount of approximately $690,844.71** for all losses caused by defendant's conduct, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods

Michelle Kerin
Re: Adam Starling Plea Agreement Letter
Page 6
May 8, 2026

by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

18.    **Use of Statements**: Except under circumstances where the Court, acting on its own, fails to accept this agreement, defendant agrees that, upon defendant's signing of this agreement, the facts that defendant has admitted under this plea agreement as set forth above, as well as any facts to which defendant admits in open court at defendant's plea hearing, shall be admissible against defendant under Fed. R. Evid. 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and defendant expressly waives defendant's rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts defendant admits in conjunction with this plea agreement.

19.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

//
//
//
//
//
//
//
//

Revised Jan. 2026

Michelle Kerin
Re: Adam Starling Plea Agreement Letter
Page 7
May 8, 2026

20.    **Tax Division Approval and Deadline**: This plea offer is subject to the approval of the United States Department of Justice, Criminal Division, Tax Section, and expires if not accepted by May 8, 2026.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

CHRISTOPHER CARDANI
MEREDITH BATEMAN
Assistant United States Attorneys

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

5-8-26
Date

ADAM STARLING

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

5-8-26
Date

MICHELLE KERIN

Revised Jan. 2026